USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/26/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re,

22 FISKE PLACE LLC,

                              Debtor.

----------------------------------------------------- x

22 FISKE PLACE LLC and NICHOLAS GORDON,

                              Appellants

               -against-

LANIN LAW P.C.,

                            Appellee.

-----------------------------------------------------------x

1:17-cv-03038 (ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

This is an appeal arising from an Order of the United States Bankruptcy Court for the Southern District of New York dated April 4, 2017 (the "Order") that granted Appellee Lanin Law P.C.'s motion compelling the Debtor's Chapter 11 Trustee (the "Trustee") to pay Appellee's judgment lien against certain real property (the "Property"), formerly owned by Debtor 22 Fiske Place, LLC, from the proceeds of the sale of the Property. For the reasons set forth below, the Order is AFFIRMED.

Appellants are Debtor 22 Fiske Place, LLC ("22 Fiske Place") and Nicholas Gordon, the sole member of Debtor. Appellee is Lanin Law P.C., a law firm owned and operated by Scott Lanin as solo attorney.

On September 19, 2012, judgment was entered in Kings County Clerk's Office in favor of Lanin Law P.C. against Appellants and it became a judgment lien on the Debtor's Property. Case No. 15-11410-scc (Bankr.) Dkt. 273-1 (Mot. to Compel) ¶¶ 21-22. On May 28, 2015,

1

Debtor filed for Chapter 11 Bankruptcy. Bankr. Dkt. 1. Gordon omitted Lanin Law P.C. as a secured creditor from his bankruptcy disclosures, despite knowing that there was a judgment against 22 Fiske Place. *See* Bankr. Dkt. 306 (3/30/2017 Mot. to Compel Hr'g) Tr. 9:13-11:16, 13:4-13. Consequently, Lanin Law P.C. did not receive any notice of the Chapter 11 case, did not participate in the case, and was not aware that the Property was sold. The Chapter 11 Plan was confirmed on June 16, 2016. Bankr. Dkt. 194.

After Lanin Law P.C. discovered what happened in the Chapter 11 case, Lanin Law P.C. filed a motion to compel payment of the judgment by the Trustee. *Id.* Dkt. 273. A hearing was held on March 30, 2017, and the Bankruptcy Court granted the motion, ruling that the judgment lien was entitled to payment.[1] *Id.* Dkt. 295.

On April 26, 2017, Gordon filed a *pro se* notice of appeal. ECF No. 1. The Court dismissed the appeal without prejudice because Gordon, as a *pro se* non-attorney, could not appear on behalf of 22 Fiske Place, a corporation, and gave Gordon 45 days to obtain a licensed attorney for 22 Fiske Place. ECF No. 11. After that time lapsed, the Court gave a second extension upon request by Gordon. ECF No. 14. Nonetheless, a notice of appeal was filed late, but 22 Fiske Place obtained counsel. ECF No. 16. Appellants filed their brief late and failed to file a reply brief. Appellants' brief fails to address the merits of the Order granting Appellee's motion to compel, focusing on non-pertinent ancillary issues.

District courts have jurisdiction over appeals from final orders of the bankruptcy courts pursuant to 28 U.S.C. § 158(a). A district court reviews the bankruptcy decision on appeal "independently," thus "accept[ing] the bankruptcy court's factual findings unless clearly erroneous but review[ing] its conclusions of law *de novo*." *See In re Johns-Manville Corp.*, 759

---

[1] The Bankruptcy Court also found that Gordon's omission of Lanin Law P.C.'s judgment lien from his bankruptcy disclosures was intentional and "consistent with the commission of a bankruptcy crime." Bankr. Dkt. 306 Tr. 10:6-23; 25:24-26:5

2

F.3d 206, 214 (2d Cir. 2014) (internal quotations and citations omitted).

It is well settled that a docketed state court judgment based on a confession creates a judicial lien. *In re Higgins*, 270 B.R. 147, 154 (Bankr. S.D.N.Y 2001). Generally, "liens pass through bankruptcy unaffected." *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992). The Bankruptcy Code "allows a plan to extinguish a lien only if the underlying property is 'dealt with,' and that condition cannot be fairly satisfied in the absence of the interested parties, including the security holder." *In re Northern New England Tel. Operations LLC*, 795 F.3d 343, 348 (2d Cir. 2015). Thus, a lienholder's participation in the reorganization is required for the lien to be extinguished by the reorganization. *Id.* Neither actual nor constructive notice of the reorganization is sufficient. *In re Frontier Ins. Grp., Inc.*, Case No. 05-36877 (CGM), 2018 WL 922194, at *7 (Bankr. S.D.N.Y. Feb 15, 2018) ("The currently judicially imposed "participation" requirement . . . goes beyond mere due process concerns; it is satisfied only if the holder of a property interest took some action in the bankruptcy case, as distinguished from merely receiving notice and failing to act."); *In re S. White Transp., Inc.*, 725 F.3d 494, 498 (5th Cir. 2013) (holding that the participation requirement mandates "more than mere passive receipt of effective notice."); *see also In re Northern New England Tel. Operations LLC*, 795 F.3d at 348 n.2 (discussing rationale for participation requirement).

Lanin Law P.C. had a judgment lien and did not participate in the Chapter 11 proceeding. Therefore, the judgment lien survived the plan and is entitled to payment. This renders all other issues raised (properly or not) on appeal moot.

For the foregoing reasons, the Bankruptcy Court's Order is AFFIRMED.

SO ORDERED.

Dated: March 26, 2018
      New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge